# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 2:19cv-00311-NT** |
| **Plaintiff** | **AMENDED COMPLAINT** |
| vs. | |
| Michael C. Kane | RE: <br> 40 Center Street a/k/a 38-40 Center Street, Biddeford, ME 04005 |
| **Defendant** | |
| Town and Country Federal Credit Union | Mortgage: <br> December 19, 2008 |
| **Party-In-Interest** | Book 15538, Page 413 |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Michael C. Kane, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Michael C. Kane, is the obligor and the total amount owed under the terms of the Note is One Hundred Eighty-Two Thousand

Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Michael C. Kane, is a resident of Biddeford, County of York and State of Maine.

6. The Party-in-Interest, Town and Country Federal Credit Union, is located at 557 Main Street, South Portland, ME 04116.

## FACTS

7. On June 13, 1996, by virtue of a Warranty Deed from Beverly R. Nye, which is recorded in the York County Registry of Deeds in **Book 7872, Page 98**, the property situated at 40 Center Street a/k/a 38-40 Center Street, County of York, and State of Maine, was conveyed to the Defendant, Michael C. Kane, being more particularly described by the attached legal description. *See* Exhibit A[1] (a true and correct copy of the legal description is attached hereto and incorporated herein).

---

[1] All Exhibits referenced herein have been previously filed on July 2, 2019 under ECF Document No. 1, however, Exhibit B-Affidavit of Lost Note is now being replaced by Exhibit B-Note and an updated Exhibit K-Military Status Affidavit are being attached hereto.

8. On December 19, 2008, the Defendant, Michael C. Kane, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $137,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on December 19, 2008, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Sidus Financial, LLC, securing the property located at 40 Center Street a/k/a 38-40 Center Street, Biddeford, ME 04005 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15538**, **Page 413**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated December 26, 2011 and recorded in the York County Registry of Deeds in **Book 16237**, **Page 740**. *See* Exhibit D a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated April 29, 2013 and recorded in the York County Registry of Deeds in **Book 16592**, **Page 879**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 12, 2014 and recorded in the York County Registry of Deeds in **Book 16776**, **Page 836**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to CitiMortgage, Inc. by virtue of a Ratification of Assignment dated March 13, 2015 and recorded in the York County Registry of Deeds in

**Book 16986**, **Page 262**. *See* Exhibit G (a true and correct copy of the Ratification of Assignment is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated May 14, 2018 and recorded in the York County Registry of Deeds in **Book 17781**, **Page 660**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On October 13, 2016, the Defendant, Michael C. Kane, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $195,232.07 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. On April 18, 2019, the Defendant, Michael C. Kane, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Michael C. Kane, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

18. The Defendant, Michael C. Kane, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. Town and Country Federal Credit Union is a Party-in-Interest pursuant to a Mortgage in the amount of $5,000.00 dated March 4, 2010, and recorded in the York County Registry of Deeds in **Book 15838**, **Page 559** and is in second position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of July 25, 2019 is One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $156,705.63 |
| Interest | $7,257.94 |
| Escrow Advance | $14,487.92 |
| Deferred Late Charges | $127.31 |
| Corporate Advance | $4,308.38 |
| Grand Total | $182,887.18 |

24. Upon information and belief, the Defendant, Michael C. Kane, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 40 Center Street a/k/a 38-40 Center Street, Biddeford, County of York, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Michael C. Kane, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of July 25, 2019 is One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $156,705.63 |
| Interest | $7,257.94 |
| Escrow Advance | $14,487.92 |
| Deferred Late Charges | $127.31 |
| Corporate Advance | $4,308.38 |
| Grand Total | $182,887.18 |

31. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Michael C. Kane, on April 18, 2019, evidenced by the Certificate of Mailing. *See* Exhibit J.

34. The Defendant, Michael C. Kane, is not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On December 19, 2008, the Defendant, Michael C. Kane, executed and delivered to Sidus Financial, LLC a certain Note in the amount of $137,000.00. *See* Exhibit B.

37. The Defendant, Michael C. Kane, is in default for failure to properly tender the May 1, 2017 payment and all subsequent payments. *See* Exhibit J.

38. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael C. Kane.

39. The Defendant, Michael C. Kane, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant Michael C. Kane's breach is knowing, willful, and continuing.

41. The Defendant Michael C. Kane's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of July 25, 2019, if no payments are made, is One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $156,705.63 |
| Interest | $7,257.94 |
| Escrow Advance | $14,487.92 |
| Deferred Late Charges | $127.31 |
| Corporate Advance | $4,308.38 |
| Grand Total | $182,887.18 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Michael C. Kane, entered into a written contract with Sidus Financial, LLC who agreed to loan the amount of $137,000.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, Michael C. Kane, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Sidus Financial, LLC, and has performed its obligations under the Note and Mortgage.

48. The Defendant, Michael C. Kane, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2017 payment and all subsequent payments. *See* Exhibit J.

49. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael C. Kane.

50. The Defendant, Michael C. Kane, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, Michael C. Kane, is indebted to Federal National Mortgage Association in the sum of One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

52. Defendant Michael C. Kane's breach is knowing, willful, and continuing.

53. Defendant Michael C. Kane's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of July 25, 2019, if no payments are made, is One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $156,705.63 |
| Interest | $7,257.94 |
| Escrow Advance | $14,487.92 |

| | |
|---|---:|
| Deferred Late Charges | $127.31 |
| Corporate Advance | $4,308.38 |
| Grand Total | $182,887.18 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Sidus Financial, LLC, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Michael C. Kane, $137,000.00. *See* Exhibit B.

58. The Defendant, Michael C. Kane, is in default for failure to properly tender the May 1, 2017 payment and all subsequent payments. *See* Exhibit J.

59. As a result of the Defendant Michael C. Kane's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal National Mortgage Association.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

61. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Sidus Financial, LLC, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Michael C. Kane, $137,000.00. *See* Exhibit B.

63. The Defendant, Michael C. Kane, has failed to repay the loan obligation.

64. As a result, the Defendant, Michael C. Kane, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Sidus Financial, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Michael C. Kane, is in breach of the Note by failing to make payment due as of May 1, 2017, and all subsequent payments;

d) Find that the Defendant, Michael C. Kane, is in breach of the Mortgage by failing to make payment due as of May 1, 2017, and all subsequent payments;

e) Find that the Defendant, Michael C. Kane, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Michael C. Kane, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Michael C. Kane has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Michael C. Kane, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Michael C. Kane, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Michael C. Kane, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Michael C. Kane, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Michael C. Kane;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Michael C. Kane, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Eighty-Two Thousand Eight Hundred Eighty-Seven and 18/100 ($182,887.18) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

|                          | Respectfully Submitted,<br>Federal National Mortgage Association,<br>By its attorneys, |
|---|---|
| Dated: March 12, 2020 | /s/ John A. Doonan, Esq.<br>/s/ Reneau J. Longoria, Esq.<br>John A. Doonan, Esq., Bar No. 3250<br>Reneau J. Longoria, Esq., Bar No. 5746<br>Attorneys for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 225D<br>Beverly, MA 01915<br>(978) 921-2670<br>JAD@dgandl.com<br>RJL@dgandl.com |

# CERTIFICATE OF SERVICE

I, John A. Doonan, Esq., hereby certify that on this 13th day of March, 2020 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

## SERVICE LIST

Michael C. Kane
40 Center Street, Apt. 1
Biddeford, ME 04005-2416

Michael C. Kane
38 Center Street, Apt. 1
Biddeford, ME 04005

Town and Country Federal Credit Union
557 Main Street
South Portland, ME 04106